1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 LESLIE C. NELLETT,                              Case No. 19-cv-04142-BLF

8          Plaintiff,

9      v.                                          **ORDER GRANTING MOTION FOR
                                                    REMAND**
10 FORD MOTOR COMPANY, et al.,                     [Re: ECF 15]

11          Defendants.

12

13          Before the Court is Plaintiff Leslie Nellett's motion to remand. Mot., ECF 15-1. Having

14 considered the parties' respective written submissions, the Court finds the matter appropriate for

15 submission without oral argument and hereby VACATES the hearing set for this motion on March

16 5, 2020 at 9:00 a.m. *See* Civ. L.R. 7-11(b). For the reasons discussed below, the Court GRANTS

17 Plaintiff's Motion to Remand.

18   **I.   BACKGROUND**

19          On or about March of 2009, Nellett purchased a 2008 Ford F250 Super Duty vehicle (the

20 "Vehicle"). *See* Compl. ¶ 7, ECF 1-2. The purchase came with an express written warranty

21 covering the "engine and engine components against defects in factory-supplied materials or

22 workmanship for five years after the warranty start date or 100,000 miles, whichever occurs first."

23 *Id.* ¶ 8. The warranty provided that in the event a defect developed during the warranty period, an

24 authorized dealer of Defendant Ford Motor Company ("Ford") would "repair, replace, or adjust all

25 parts on [the] [V]ehicle that are defective in factory-supplied materials or workmanship." *Id.*

26          During the warranty period, the Vehicle either contained or developed numerous defects that

27 substantially impaired its use, value, or safety. Compl. ¶ 9. For example, the Vehicle contained or

28 developed defects relating to the engine, cooling system, door actuator(s), under-hood vacuum

1    pump, and electrical system, among others. *Id*. Nellett alleges that, on at least one occasion, she

2    brought the Vehicle to Defendant Harrold Ford for substantial repair and Harrold Ford "fail[ed] to

3    properly store, prepare and repair" the Vehicle "in accordance with industry standards." *Id*. ¶¶ 74,

4    76.

5         On June 3, 2019, Nellett filed a Complaint in Santa Clara County Superior Court against

6    Harrold Ford and Ford (together, "Defendants"). *See generally* Compl. Based on the above

7    allegations, Nellett asserts six causes of action against Ford alone for violating the Song-Beverly

8    Consumer Warranty Act and fraud by omission, and one cause of action against Harrold Ford for

9    negligent repair.[1] Compl. ¶¶ 7-77. Nellett's sole claim against Harrold Ford alleges that Nellett

10   brought the Vehicle to Harrold Ford for substantial repair at least once, Harrold Ford owed Nellett

11   a duty to use ordinary care and skill to repair the Vehicle, and Harrold Ford breached this duty by

12   failing to properly store, prepare, and repair the Vehicle in accordance with industry standards. *Id.*

13   ¶¶ 73-77. Nellett alleges that Harrold Ford's negligent breach of its duty proximately caused

14   Nellett's damages. *Id*. ¶ 55.

15        On July 18, 2019, Defendants filed a notice of removal. *See* Not. of Removal, ECF 1.

16   Defendants acknowledge that Nellett is a citizen of California, Ford is a citizen of Delaware and

17   Michigan, and Harrold Ford is a citizen of California. Not. of Removal ¶¶ 21-23, 43. Defendants,

18   however, claim that the criteria of 28 U.S.C. § 1332 is met because Harrold Ford, the only non-

19   diverse party, was fraudulently joined because Nellett cannot establish a claim against Harrold Ford

20   based on negligent repair, and Harrold Ford is a dispensable party under Federal Rule of Civil

21   Procedure 21. *Id.* ¶¶ 23-43.

22        Nellett moved to remand this action back to state court on October 23, 2019. *See generally*

23   Mot. Nellett argues that Defendants have failed to meet their heavy burden of showing that Harrold

24   Ford is a dispensable party and a sham defendant. Mot. at 2-8. Also, Nellett argues that Defendants

25   have not demonstrated that Nellett is a California citizen. Mot. at 8-9. Defendants oppose the

26   Motion to Remand, arguing that the motion is untimely and Harrold Ford is fraudulently joined.

27

28

---

[1] The causes of action brought against Ford alone are not at issue.

2

1    Opp'n, ECF 20.[2]

2    **II.    LEGAL STANDARD**

3         "[A]ny civil action brought in a State court of which the district courts of the United States

4    have original jurisdiction, may be removed by the defendant or the defendants, to the district court

5    of the United States for the district and division embracing the place where such action is pending."

6    28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question

7    jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.

8    2009) (citing 28 U.S.C. § 1441). District courts have diversity jurisdiction over all civil actions

9    between citizens of different states where the amount in controversy exceeds $75,000, exclusive of

10   interest and costs. 28 U.S.C. § 1332.

11        "Although an action may be removed to federal court only where there is complete diversity

12   of citizenship, 'one exception to the requirement for complete diversity is where a non-diverse

13   defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (quoting *Morris v. Princess*

14   *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) (internal citation omitted); *see also Ritchey v.*

15   *Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). "If a plaintiff fails to state a cause of

16   action against a resident defendant, and the failure is obvious according to the settled rules of the

17   state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d

18   1336, 1339 (9th Cir. 1987).

19        That said, there is a "general presumption against fraudulent joinder," and defendants who

20   assert that a party is fraudulently joined carry a "heavy burden." *Hunter*, 582 F.3d at 1046.

21   Defendants must "show that the individuals joined in the action cannot be liable on any theory,"

22   *Ritchey*, 139 F.3d at 1318, and that "there is no possibility that the plaintiff will be able to establish

23   a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of*

24   *Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. Apr. 16, 1998). That is, "[r]emand must be granted unless

25   the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure

26

27   [2] The Court notes that it stopped reading Defendants' Opposition to Plaintiff's Motion to Remand
     (ECF 20) at page 10, and does not consider any of Defendants' arguments beyond page 10,
28   because the opposition exceeds the 10-page limit for oppositions to motions set out in this Court's
     Standing Order Re Civil Cases. Standing Order Re Civ. Cases § IV.A.4.

1   [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)

2   (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–CV-02904-JSW, 2006 WL 2038040, at *2 (N. D.

3   Cal. July 19, 2006)).  As such, a court's "doubts concerning the sufficiency of a cause of action

4   because of inartful, ambiguous or technically defective pleading must be resolved in favor of

5   remand."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. Apr. 18,

6   2001) (citations and internal quotation marks omitted).

7       "Where fraudulent joinder is an issue . . . [t]he defendant seeking removal to the federal court

8   is entitled to present the facts showing the joinder to be fraudulent."  *Ritchey*, 139 F.3d at 1318

9   (internal quotation marks omitted).  If factual issues are in dispute, the Court must resolve all

10   disputed questions of fact in favor of the plaintiff.  *See Kalawe v. KFC Nat. Mgmt. Co.*, Civ. No.

11   90–007799, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) (citing *Kruso v. Int'l Tel. & Tel. Corp.*,

12   872 F.2d 1416, 1426 (9th Cir. 1989)); *see also Mohammed v. Watson Pharm., Inc.*, No. SA CV09-

13   0079, 2009 WL 857517, at*6 (C.D. Cal. Mar. 26, 2009) ("A party is only deemed to have been

14   joined 'fraudulently' if after all disputed questions of fact and all ambiguities in the controlling state

15   law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party

16   whose joinder is questioned."  (citations and internal quotation marks omitted)).

17       If the district court ultimately determines that it lacks jurisdiction, the action must be

18   remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing

19   28 U.S.C. § 1447).  The Ninth Circuit recognizes a "strong presumption against removal." *Hunter*,

20   582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

21   Thus, "'the defendant always has the burden of establishing that removal is proper,' and . . . the

22   court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus*, 980 F.2d at 566).

23   **III.   DISCUSSION**

24       Nellett argues that this case should be remanded to state court because Defendants have not

25   met their heavy burden of showing fraudulent joinder, meaning that complete diversity of

26   citizenship between the opposing parties is lacking under 28 U.S.C. § 1332.[3]   Mot. at 2-8.

27

28   _____
[3] Nellett also argues that Defendants fail to show that she is a citizen of California.  Mot. at 8-9.
Because this Court agrees that Harrold Ford was not fraudulently joined, it does not address

4

1  Defendants oppose the motion, arguing that Nellett's motion is untimely; Harrold Ford is

2  fraudulently joined because the economic loss rule and statute of limitations bar Nellett's negligent

3  repair claim; and, alternatively, the Court should drop Harrold Ford as an unnecessary party under

4  Federal Rule of Civil Procedure 21.  Opp'n at 3-10.

5  **A.  Nellett's Motion to Remand is Not Untimely**

6  Defendants argue that Nellett's motion is untimely because it was not made within 30 days

7  of the filing of the notice of removal.  Opp. 3 (citing 28 U.S.C. § 1447(c)).  A motion to remand a

8  case based on "any defect *other than lack of subject matter jurisdiction* must be made within 30

9  days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c) (emphasis

10  added).  "If *at any time* before final judgment it appears that the district court lacks subject matter

11  jurisdiction, the case shall be remanded."  *Id.* (emphasis added).  Because Nellett moves to remand

12  based on the Court's lack of subject matter jurisdiction, the motion is timely.

13  **B.  Harrold Ford Was Not Fraudulently Joined**

14  Defendants argue that Harrold Ford was fraudulently joined because the economic loss rule

15  and the statute of limitations bar Nellett from stating a claim as a matter of law.  Opp'n at 3-8.

16  The Court disagrees and address each argument in turn.

17  **i.  Economic loss rule does not bar Nellett's claim**

18  Defendants argue that Nellett cannot state a valid claim for negligent repair against Harrold

19  Ford because such a claim is barred by the economic loss rule.  Opp'n at 4-6.  Economic loss

20  "refers to damages that are solely monetary, as opposed to damages involving physical harm to

21  person or property," and "[t]he economic loss doctrine provides that certain economic losses are

22  properly remediable only in contract."  *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F.

23  Supp. 3d 1092, 1103 (C.D. Cal. 2015) (internal quotation marks omitted) ("[The doctrine] has

24  roots in common law limitations on recovery of damages in negligence actions in the absence of

25  physical harm to person or property." (internal quotation marks omitted)).  Thus, under the

26  economic loss rule, a plaintiff may recover "in tort when a product defect causes damage to 'other

27

28  Nellett's other arguments.

1   property,' that is, property *other than the product itself*." *Jimenez v. Superior Court*, 29 Cal. 4th

2   473, 483 (2002). The economic loss rule, however, "does not necessarily bar recovery in tort for

3   damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g.,

4   a house) into which the former has been incorporated." *Id.*

5         Here, Nellett alleges defects to various components and subcomponents of the Vehicle. For

6   example, the Complaint alleges defects in the engine, cooling system, door actuator(s), under-hood

7   vacuum pump, and electrical system, among others. Compl. ¶ 9. The economic loss rule does not

8   bar recovery in tort for damage that these components and subcomponents cause to the Vehicle in

9   which these components and subcomponents have been incorporated. Thus, Defendants have failed

10  to establish that Nellett could not possibly recover against a dealership for negligent repair. *See,*

11  *e.g.*, *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019) (finding that economic

12  loss rule does not preclude negligent repair claim against dealership because problems with

13  components could have caused damage to engine or vehicle in which components were

14  incorporated); *Lytle v. Ford Motor Co.*, No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at \*2

15  (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover

16  against a dealership for negligent repair of a vehicle."). Therefore, because Nellett *could* state a

17  claim against Harrold Ford, Defendants' argument that the economic loss rule bars Nellett's

18  negligent repair claim fails. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 547 (9th

19  Cir. 2018) ("[F]raudulent joinder should not be found if there is 'any possibility' that a plaintiff

20  could state a claim against the defendant, even if the complaint actually fails to state a claim.").

21        **ii.**     **Statute of limitations does not bar Nellett's claim**

22        Next, Defendants argue that Nellett cannot state a claim for negligent repair because such a

23  claim is barred by the two-year statute of limitations applicable to negligent repair claims. Opp'n

24  at 6-8 (citing Cal. Civ. Proc. Code § 339).

25        Nellett argues that her claims are not barred because the statute of limitations was tolled

26  under the delayed discovery rule and other equitable tolling doctrines (such as fraudulent

27  concealment). Reply at 2-4, ECF 22; *see also* Compl. ¶¶ 78-101. Defendants, on the other hand,

28  argue that equitable tolling does not apply because Nellett did not pursue alternative remedies and

1    Nellett fails to sufficiently plead facts that give rise to a fraudulent concealment claim.  Opp'n at

2    7-8.

3           While Defendants' arguments may be correct, the Court finds that Defendants have failed

4    to meet their heavy burden of showing that Nellett cannot possibly amend her Complaint to

5    satisfactorily invoke a viable tolling theory.  Here, the Complaint alleges, among other things, that

6    the discovery rule applies.  Compl. ¶ 84.  Although the Complaint is not specific as to how the

7    delayed discovery rule applies to Nellett's negligent repair claim, the question at this stage is only

8    whether it is *possible* that Nellett can state a claim against Harrold Ford – not whether Nellett does

9    in fact state a claim.  *McAdams v. Ford Motor Co*., No. 18-CV-07485-LHK, 2019 WL 2378397, at

10   *5 (N.D. Cal. June 5, 2019) ("The question at this stage is . . . only whether there is a 'possibility'

11   that Plaintiffs' complaint states a claim against [d]efendant").  Indeed, Defendants have cited no

12   authority that the delayed discovery rule cannot apply, and several district courts have remanded

13   cases with negligent repair claims where the defendant failed to show that the delayed discovery

14   rule did not apply.  *See, e.g., Sabicer*, 362 F. Supp. 3d at 842 (remanding case where "defendants

15   failed to prove that there is no possibility that [p]laintiffs could invoke the delayed discovery rule

16   to assert a negligent repair claim"); *McAdams*, 2019 WL 2378397, at *6 (finding defendant not

17   fraudulently joined where defendant failed to show that plaintiff could not possibly invoke delayed

18   discovery rule); *see also Buck v. Ford Motor Co.*, No, 5:19-cv-02985-BLF, at *6 (N.D. Cal. Sept.

19   11, 2019), ECF 14 (finding defendant failed to meet burden of showing that plaintiff could not

20   possibly amend complaint to invoke a viable tolling theory).

21          Accordingly, because Nellett *could* invoke the delayed discovery rule, Defendants'

22   argument that the statute of limitations bars Nellett's negligent repair claim fails.  *See Grancare,*

23   *LLC*, 889 F.3d at 548 ("[I]f there is a possibility that a state court would find that the complaint

24   states a cause of action against any of the resident defendants, the federal court must find that the

25   joinder was proper and remand the case to the state court." (internal quotation marks omitted)); *Less*

26   *v. Ford Motor Co*., No. 18CV1992-MMA (AGS), 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18,

27   2018) ("The standard for demonstrating fraudulent joinder is high, and the relevant question is

28   whether it is *possible* for Plaintiff to state a claim . . . , not whether it has been sufficiently pleaded."

(emphasis added)).

* * *

In sum, Defendants have failed to carry their heavy burden of showing that Harrold Ford was fraudulently joined. The parties, therefore, are not completely diverse as required under 28 U.S.C. § 1332, and this Court lacks subject matter jurisdiction.

### C. This Court Will Not Drop Harrold Ford Under Rule 21

Alternatively, Defendants ask this court to exercise its broad discretion and drop Harrold Ford as a defendant. Opp'n at 8-10. The Court declines to do so. A federal court may drop a party to perfect its diversity jurisdiction, but only if that party is not indispensable. *See* Fed. R. Civ. P. 19; Fed. R. Civ. P. 21; *Sams v. Beach Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Several California district courts have found that a dealership may be necessary for adjudication of a dispute whose claims against both the manufacturer and dealership arise from the same transactions or occurrences – as is the case here. *See McAdams*, 2019 WL 2378397, at \*6 (declining to sever dealership as dispensable party because claims against Ford and dealership arose "from the same series of transactions or occurrences"); *Sabicer*, 362 F. Supp. 3d at 842 (declining to sever dealership as dispensable party because claims against Ford and the dealership were "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient"). The Court does not find that Harrold Ford is a dispensable party and thus, will not exercise its discretion to drop Harrold Ford from the dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the instant case to California Superior Court for the County of Santa Clara. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8